Jack R. Pawchak, as a Taxpayer, and for the Use and Benefit of All Taxpayers of the City of Joliet, Plaintiff-Appellant, v. William C. Long, d/b/a Joliet Office Machines, Central Office Equipment Company, a Corporation, Aaron Marsh, et al., and City of Joliet, a Municipal Corporation, Defendants-Appellees.

Gen. No. 67–8.

Third District.

January 18, 1968.

John F. Cirricione, of Joliet, for appellant.

Harry Leineweber, of Joliet, for appellee.

PER CURIAM opinion.

This is an appeal by Plaintiff, Jack Pawchak, a taxpayer, from an order of the Circuit Court of Will County dismissing his complaint seeking to restrain the Defendant, City of Joliet, and its officials from paying to Defendant, William C. Long, any monies pursuant to a contract to furnish office equipment in the new City Hall. In the alternative Plaintiff prayed that the court restrain Defendant Long from employing Defendant, Central Office Equipment Company, as its subcontractor with respect to his agreement to furnish the new building and for other similar injunctive relief. The complaint was dismissed for failure to state a cause of action.

The complaint alleges the Defendant, Central Office Equipment Company, entered into an employment contract with the Defendant, City of Joliet. In consideration of the payment of a specified amount Central Office Equipment agreed to perform the following services: (1) Preliminary survey work; (2) equipment inventory and tagging; (3) final plans and color coordination using preliminary layouts and data supplied by others; (4) specifications of new equipment and preparation of bid and proposed forms; (5) coordination of installation. Central Office Equipment performed the services enumerated and pursuant to its recommendations, the Defendant, City of

Joliet, advertised for bids for equipment to be purchased. The Defendant, Long, admitted a bid to the Defendant, City, for the sale of the equipment, including in his letter of transmittal, a statement to the effect that the Defendant, Central Office Equipment, as a subcontractor, would supply a portion of the equipment specified in the bid. Central Office Equipment recommended the acceptance of Long's bid which was accepted by the City. It is this transaction and the relation of the parties thereto which gives rise to this action.

It is contended by Plaintiff that Central Office Equipment is a "municipal officer" of the City of Joliet and hence its participation in the sale of equipment to the City is in violation of the statute. Ill Rev Stats (1965), chapter 24, section 3–14–4, provides "No municipal officer shall be interested, directly or indirectly, in any contract, work, or business of the municipality, or in the sale of any article, whenever the expense, price, or consideration of the contract, work, business, or sale is paid either from the treasury or any assessment levied by any statute or ordinance. . . ." The issue thus presented for our consideration is whether the Defendant, Central Office Equipment Company, is a "municipal officer" within the meaning of the statute.

Article 3 of the Cities and Villages Act (Ill Rev Stats, chapter 24, section 3–1–1 et seq.) wherein the disputed statute is found provides that the term "municipal officer" refers to elected or appointed officials whose duties are continuing and not limited to a single transaction. The statute does not purport to apply to an independent contractor.

In Bristol and Gale Co. v. Industrial Commission, 292 Ill 16, 126 NE 599, the Illinois Supreme Court reviewed the numerous definitions of an independent contractor. The court noted that "an independent contractor is one who renders service to another in the course of an independent occupation, representing the will of his em-

ployer only as to the result of his work and not as to the means by which it is accomplished."

We believe Central Office Equipment Company meets this definition in the instant case. The Defendant Company is therefore an independent contractor and is not a "municipal officer."

Plaintiff has directed our attention to other sections of the Cities and Villages Act but in consequence of our view that Defendant, Central Office Equipment Company, is an independent contractor we do not believe that such sections are applicable.

For the foregoing reasons the order of the Circuit Court of Will County is affirmed.

Affirmed.